UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.P., a Minor, by and through his Guardian Ad Litem, Gloria Petrina,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civil No. 10cv0295 AJB(RBB)<br><br>ORDER GRANTING PETITION TO APPROVE MINOR'S SETTLEMENT AND DISPOSITION OF SETTLEMENT FUNDS [ECF NO. 23] |

    On April 13, 2011, the Court appointed Gloria Petrina the guardian ad litem for the Plaintiff, T.P., a minor [ECF No. 18]. At that time, T.P. was fourteen years old. (Order Granting Pet. Guardian Ad Litem, ECF No. 19.) Subsequently, on August 1, 2011, the guardian ad litem filed a Petition to Approve Disposition of Minor's Settlement [ECF No. 23]. On September 8, 2011, the guardian and counsel for Plaintiff filed a consent to magistrate judge jurisdiction. (Notice, Consent, & Reference, Sept. 8, 2011, ECF No. 26.) A second Notice, Consent, & Reference was filed on September 23, 2011, which included the consent of the only Defendant, the United States. (Notice, Consent, & Reference, Sept.

23, 2011, ECF No. 30.)  The parties "consent[ed] to have a United States magistrate judge conduct all proceedings in this case related to the minor's compromise issues."  (Id.)  As a result, United States District Judge Anthony J. Battaglia referred the case to this Court "to conduct all proceedings related to the minor's compromise issues in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73."  (Id.)

In the Petition to Approve Disposition of Minor's Settlement, the guardian outlines the nature of the claim, the minor's injuries, the cost of the resulting medical treatment, and the minor's recovery and prognosis.  (Pet. Approve Disposition Minor's Settlement 1-2, ECF No. 23.)  T.P., the minor, was involved in a bicycle accident.  He was riding his bicycle when he was struck by a van being operated by an employee of the United States Federal Bureau of Investigation.  (Id. at 2.)  "[P]laintiff sustained a closed fracture of both the tibia and fibula of his left leg.  He was hospitalized from May 21 to May 23, 2009."  (Id.)  The fractures were set and casted.  (Id.)  T.P. was given pain killers and wore a cast for approximately seven weeks.  (Id.)  He returned to Balboa Naval Hospital for follow-up care on three occasions but continues to experience some weakness.  (Id.)  The Defendant agreed to pay $12,500.00, as a "full and final settlement in this matter and the United States further agrees to satisfy the Naval lien in this matter."  (Id.)  The lien amount totals $6,789.68.  (Id. at 3.)

The total value of the settlement is $19,289.68.  Counsel for the minor has agreed to accept twenty-five percent of the net cash recovery of $12,500.00 as his attorney's fees.  (Id.)  The costs

incurred total $661.24. (Id.)  Thus, the net proceeds of the settlement are $8,713.76. (Id.)

The minor was deposed, and the parties subsequently participated in a court-ordered settlement conference. (See Joint Mot. Extend Time 1, ECF No. 20; Mins. May 11, 2011, ECF No. 22.) Since the deposition and the last settlement conference, the parties reached a settlement and now ask the Court to approve the compromise of the minor's claim.  Counsel for the minor recommends approval of the settlement and disposition of the proceeds as outlined in the Petition to Approve. (Id.)  In counsel's opinion, the settlement is "fair, reasonable, and in the best interests of the claimant . . . ." (Id.)

### Applicable Standards

Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment.  All settlements and compromises must be reviewed by a magistrate judge before any order or approval will issue." S.D. Cal. Civ. R. 17.1(a).  "[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended and negotiated by the minor's parent or guardian ad litem." Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983), (internal citation omitted).

California Probate Code section 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] . . . costs, and attorney's fees, as the

court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor." Cal. Prob. Code § 3601(a) (West 2009). The order may be directed to the parent, guardian ad litem or to the payer of any money to be paid pursuant to a settlement. Id. § 3601(b).

The California Probate Code provides that after the payment of all expenses, fees, and costs as approved by the Court, the remaining balance shall be disbursed in one or more of the following ways:

> (b) That the remaining balance of any money paid or to be paid be deposited in an insured account in a financial institution in this state, or in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court . . . .
>
> . . . .
>
> (d) If the remaining balance of the money to be paid or delivered does not exceed twenty thousand dollars ($20,000), that all or any part of the money be held on any other conditions the court in its discretion determines to be in the best interest of the minor . . . .
>
> (e) If the remaining balance of the money and other property to be paid or delivered does not exceed five thousand dollars ($5,000) in value and is to be paid or delivered for the benefit of a minor, that all or any part of the money and the other property be paid or delivered to a parent of the minor, without bond, upon the terms and the conditions specified in Article 1 (commencing with Section 3400) of Chapter 2.

Cal. Probate Code § 3611(b),(d),(e) (West 2009).

### Findings

1. The Court finds that, in light of the claims against the United States, its affirmative defenses, and the medical expenses incurred by the minor, the proposed settlement with the United States is fair and reasonable. (See also Compl. 1-3, ECF No. 1; Answer 1-4, ECF No. 11.)

2. The compromise and terms of the settlement as described in the Petition to Approve Disposition of Minor's Settlement are in the best interests of the Plaintiff, T.P., a minor.

3. The settlement and compromise of the minor's claims against the United States for the total sum $12,500.00, after payment of the lien for medical expenses in the amount of $6,789.68, is approved. The guardian ad litem for the minor should execute and deliver the necessary releases, drafts, and other documents to effectuate this settlement.

4. Counsel for the Plaintiff and the guardian ad litem are authorized to distribute the settlement funds of $12,500.00 as follows: $3,125.00 to Plaintiff's counsel to cover attorney's fees and $661.24 to cover costs incurred. Because the guardian did not make a recommendation for the use of the net settlement proceeds, the Court directs the net balance of $8,713.76 to be deposited for the benefit of T.P. in an interest-bearing, federally insured account in a financial institution in the State of California, subject to withdrawal only upon the authorization of the Court as long as T.P. is under the age of eighteen. See Cal. Prob. Code § 3611(b). When the Plaintiff T.P. reaches the age of eighteen, court approval is no longer required for him to withdraw, reinvest, or otherwise make use of the net settlement proceeds. See id. § 3612 (West 2009).

**IT IS SO ORDERED.**

September 28, 2011

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Battaglia
    Counsel